(86 Hun, 390.)

### In re DEGARAMO'S ESTATE.

(Supreme Court, General Term, Fourth Department. May 4, 1895.)

1. DIVORCE—DECREE OBTAINED IN ANOTHER STATE.
  Where the parties were married in New York, and afterwards the wife removed to another state, obtaining there a decree of divorce on a ground which would not have been sufficient in New York, but the husband did not appear in the action, and was not personally served with process, and he never ceased to be a resident of New York, such divorce will not be recognized by the courts of New York, and therefore the husband is entitled to his distributive share of the wife's property within the state. Merwin, J., dissenting.

2. CONFLICT OF LAWS—DEATH BY WRONGFUL ACT—DISTRIBUTING RECOVERY.
  Where an action is brought in New York for death by wrongful act, occurring in Ohio, of a person residing in Michigan, the amount recovered is not assets of the estate of decedent, to be distributed according to the laws of her residence, but will be distributed in accordance with the law of Ohio.

Appeal from surrogate's court, Tompkins county.

Proceeding for the distribution of the proceeds refused, etc. From a decree adjudging that the sum of $733.42 be equally distributed among Daniel Johnson and others, the next of kin of decedent, William Degaramo appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

H. Austin Clark and Theo. R. Tuthill, for appellant.
Howard J. Mead, for respondents.

MARTIN, J. The fund which was distributed by the decree from which this appeal is taken was received by Ella G. Strong, the executrix of Anna M. Degaramo, deceased, in settlement of a claim against the New York, Lake Erie & Western Railroad Company for causing the death of the decedent by its negligence. The executrix was a resident of Tioga county, N. Y. The decedent died leaving personal property within the county of Tompkins, and leaving a last will and testament, which was duly admitted to probate by the surrogate of that county on the 14th day of December, 1891; and letters testamentary were thereupon issued to Ella G. Strong, as such executrix. The decedent, at the time of her death, was a resident of the state of Michigan. She died in the state of Ohio on the 3d day of October, 1891. Subsequently to the issuing of letters testamentary by the surrogate's court of Tompkins county, ancillary letters testamentary were issued to the executrix by the probate court of one of the counties in the state of Ohio. On January 28, 1892, the surrogate's court of Tompkins county made an order authorizing the executrix to settle or compromise such claim or cause of action against the railroad company; and subsequently she settled it for $1,000, and received that sum on such settlement. The expenses incurred in, and allowed by the surrogate for, settling and compromising such claim, was the sum of $216.58. The surrogate also allowed the executrix $50 for her commissions, leaving $733.42 to be distributed to the

parties entitled to it. The question presented by this appeal is whether the brothers and sisters of the decedent, who were her heirs at law and next of kin, were entitled to have this fund distributed among them, or whether, as claimed by the appellant, it should have been paid over to William Degaramo, who was the husband of the decedent.

The decedent and William Degaramo were married in the state of New York more than 10 years prior to the 3d of October, 1891. Since such marriage the husband has remained a resident of the state of New York. After the marriage the decedent went to the state of Michigan, and continued a resident of that state until the time of her death. Under the law of that state she obtained a divorce from her husband upon grounds which would not have been sufficient to authorize a divorce in this state. The husband did not appear in that action, and no process therein of any kind was ever personally served upon him. No action for a divorce was ever brought in this state. On the trial it was conceded that the laws of the state of Michigan and of the state of Ohio gave the fund in question to the husband of the decedent, if she died leaving one, but, if she had no husband at the time of her death, then, as the decedent died leaving no descendant, or representative of any descendant, surviving her, the fund would go to her brothers and sisters. If, therefore, she had no husband, the decree was proper, and should be affirmed; otherwise it should be reversed. To determine this question it becomes necessary to consider the effect of the divorce granted to the decedent in the state of Michigan.

It must be regarded as settled in this state that a divorce obtained as this was did not in any way change the status of the defendant in this state. While another state may adjudge the status of its own citizen towards a nonresident, and other states must acquiesce so long as the operation of the judgment is confined to the state in which it was granted, still it cannot extend beyond the borders of that state, to subvert the laws and policy of another state, nor, without his consent and against his will, fix upon a resident of another state a status in hostility to the laws of the state wherein he resides. The contract of marriage cannot be annulled by judicial action, so as to bind a defendant without the limits of the state in which it is granted, unless the court awarding such judgment acquires jurisdiction of him. And where, as in this case, there has been no personal service of process within the state where the judgment is rendered, and there has been no personal appearance by the defendant, a judgment of divorce is inoperative and void in this state. People v. Baker, 76 N. Y. 78; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110; Jones v. Jones, 108 N .Y. 415, 15 N. E. 707; De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405; Williams v. Williams, 130 N. Y. 193, 29 N. E. 98. From the doctrine of these authorities, it follows, we think, that William Degaramo was the lawful husband of the decedent in this state, and in any other jurisdiction than the state of Michigan.

This leads us to the consideration of the question whether this fund should have been distributed in accordance with the laws of the state of New York, where the proceeding was instituted; under the laws of the state of Michigan, where the decedent resided at the time of her death, or under the laws of the state of Ohio, by which the right of action was given. By common law the plaintiff had no cause of action, claim, or right of recovery for the killing of her decedent. It is only by the force of some statute that her claim or right of recovery existed. No such right of recovery existed under the statutes of either the state of Michigan or the state of New York, as the statutes of those states could not operate extraterritorially. Therefore, it was only under and by virtue of the statutes of the state of Ohio, and of the fact that there is a similar statute in this state, that the liability of the railroad company could be enforced here. The right to enforce such a liability in a state other than that in which the person is killed is based upon the principle of comity due by one state or country to another under similar circumstances. Leonard v. Navigation Co., 84 N. Y. 48. Although such a right of action could be enforced in this state, the right to be enforced was only that given by the statute of Ohio. The statute of that state (sections 6134, 6135, Rev. St.), so far as it gives a right of action for negligently or wrongfully killing a person, is in all its essential particulars like the statute of this state. As that statute expressly awards to the husband of the decedent the benefit of such a claim or cause of action, and as the rights of recovery and distribution are controlled by the statute of the state of Ohio, it follows that the appellant, being the husband of the decedent, except as to his status in the state of Michigan, is entitled to the fund in question.

The contention of the respondents that this fund was a part of the assets of the estate of the decedent, and consequently should be distributed in accordance with the laws of the state of Michigan, where she resided, cannot be sustained. In Steel v. Kurtz, 28 Ohio St. 191, an action to recover damages for causing death by the wrongful act or negligence of the defendant, which was brought under a former statute of that state, it was held that the money realized from such an action was not to be treated as a part of the general estate of the intestate, but that the personal representative in whose name the action was brought was a trustee of the fund, and must distribute the proceeds according to the provisions of the statute. In Hegerich v. Keddie, 99 N. Y. 258, 268, 1 N. E. 787, it was, in effect, said that the cause of action given by such a statute is not to the estate of the deceased person, but to his or her representatives, as trustees, not for the purposes of general administration, but for the exclusive use of the beneficiaries specified in the statute; citing Dickins v. Railroad Co., 23 N. Y. 158; Yertore v. Wiswall, 16 How. Pr. 8. The doctrine of that case was also recognized in Wooden v. Railroad Co., 126 N. Y. 10, 15, 26 N. E. 1050, and in Dennick v. Railroad Co., 103 U. S. 11, 20. These considerations lead us to the conclu-

sion that the learned surrogate's court erred in holding that the fund in question was to be distributed according to the law of the state of Michigan, and in directing a distribution of the same among the next of kin of the decedent. Decree of the surrogate's court reversed, and a new trial ordered, with costs to abide the event.

HARDIN, P. J., concurred.

MERWIN, J. (dissenting). The question whether, within the meaning of the Ohio statute, the decedent left a husband, should, I think, be determined according to the law of the residence of the decedent, in analogy to the rule applicable to the distribution of personal estates left by persons dying intestate. Rev. St. Ohio, § 6135. 2 Kent, Comm. p. 429; 2 Williams, Ex'rs (6th Am. Ed.) 1626; Redf. Sur. Prac. (5th Ed.) 651, 652, and cases cited. This was the course followed in the court below, and its decree should, I think, be affirmed.