BRANNIGAN et al. v. UNION GOLD-MIN. CO.

(Circuit Court, D. Colorado. March 11, 1899.)

No. 3,827.

DEATH BY WRONGFUL ACT—RIGHT OF ACTION UNDER COLORADO STATUTE— NONRESIDENT ALIENS.

Nonresident aliens are not entitled to the benefit of the Colorado statute giving a right of action for death by wrongful act to the next of kin of the deceased, and cannot maintain an action thereunder.

On Demurrer to Complaint.

Scott Ashton, for plaintiffs.

Wolcott & Vaile and Charles W. Waterman, for defendant

HALLETT, District Judge (orally). James Brannigan and Mary B. Brannigan against the Union Gold-Mining Company is an action to recover damages for the death of the plaintiffs' son. Deceased was in the employ of the defendant company, and it is alleged that his death occurred from negligence of the company in respect to the management of the mine while he was in such employment. The action is based upon the statute of the state which gives the right to the father and mother to recover damages in the case of a death occurring through the negligence of the defendant under circumstances shown in the complaint. A demurrer was put in to the complaint upon the ground that it appeared in the complaint that plaintiffs are nonresident aliens, they being citizens and residents of Ireland, in the kingdom of Great Britain. It is not averred that they were ever residents of Colorado, or any part of the United States. In support

of its contention, defendant cited the case of Deni v. Railway Co., 181 Pa. St. 527, 37 Atl. 558. That is a case in which it was ruled that a nonresident alien has no right of action under a statute similar to the statute of this state. I have examined the statute of Pennsylvania, and upon this question it is the same as the statute of Colorado; that is to say, the right of action is given to certain representatives of the deceased generally, and without any statement as to whether they shall be citizens of Pennsylvania or residents of Pennsylvania. In that respect the statute is not different from the statute of the state of Colorado. The reasoning of the court upon the subject is clear and full to the point that such a statute cannot be taken to be for the benefit of people residing in foreign parts. The court says that "No case has been brought to our notice in which an English court has held that a nonresident alien is entitled to the benefits conferred by the act of 1846." The act of 1846 I understand to be Lord Campbell's act, which has been the precedent for all statutes in this country. "The same may be said of the decisions of the courts of our sister states having statutes similar to our own;" that is to say, there is no decision anywhere upon this subject other than that made by this court. Under the circumstances, I see no reason for denying the force and effect of this opinion. It appears to be founded upon good reason, and to be as applicable in Colorado as it is in Pennsylvania.

The plaintiffs' counsel was able to call the attention of the court to the case of Luke v. Calhoun Co., 52 Ala. 118. That case was founded upon an act entitled "An act to suppress murder, lynching, assaults and batteries" (Laws 1868, p. 452), and it appears from the statement of the case—I have not seen the act referred to, but it appears from the statement of the case—that it allowed the surviving parents to recover a penalty of $5,000 for the death of a son occurring through violence; such recovery to be against the county in which the crime was committed. The court in that case held that nonresident aliens could recover under that act, but the decision appears to have been upon the ground that this was an act to suppress crime and to punish criminal acts; in other words, it was an act under the police power of the state, to preserve the peace and good order of the community. It was an act to protect people living within the several counties of the state in their lives and persons. In that view, an alien residing in the state was as much entitled to protection as a citizen, and it was so held. I do not see that the case is at all similar to the case at bar. The statute of Colorado giving damages under the circumstances detailed in the complaint, and the statute of Pennsylvania as well, upon which the decision reported in 181 Pa. St. and 37 Atl. is based, are not acts for the suppression of crime. They are not acts under the police power of the state. They are acts of benefit to the survivors of persons who suffer death from the negligent acts of others, to give them some compensation for the loss sustained by them in the death of the person injured. So that there is a very full distinction between the Alabama case and the Pennsylvania case.

Counsel also called attention to McConville v. Howell, reported

in 17 Fed. 104, a decision which recognized the right of nonresident aliens to inherit property lying in this state. That decision, however, was based upon a statute of the state of Colorado which expressly gives such right of inheritance. In my judgment, the statute referred to has no application to the act relating to personal injuries, and allowing damages therefor. Under the damage act, persons entitled to have damages for the death of any person do not stand in right of inheritance. The statute does not give them the action as heirs or representatives. The moneys recovered are not the estate of the person killed; they are recovered by the individuals named in the statute by force of the statute, and not as a matter of inheritance from the deceased person. So far as I have been able to investigate the question, the rule of interpretation applied to the Pennsylvania statute is applicable to the Colorado statute; and it ought to be said here, as it has been said in Pennsylvania, that nonresident aliens living in foreign lands have no right of action under the statute. The demurrer will be sustained, and the suit dismissed, at the cost of the plaintiffs.

The same order will be entered in No. 3,828, wherein John Fitzpatrick is plaintiff. The facts are the same in each case.