TANAS v. MUNICIPAL GAS CO. OF CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. WRONGFUL DEATH—RIGHT OF ACTION—NONRESIDENT ALIEN.

Under Code Civ. Proc. § 1902, providing that the administrator of a
decedent leaving him surviving a wife or next of kin may maintain
an action for decedent's wrongful death, an action may be maintained
for the wrongful death of a resident alien who left surviving a non-
resident alien next of kin.

**2. APPOINTMENT OF ADMINISTRATOR—COLLATERAL ATTACK.**

The appointment of an administrator of a decedent by a surrogate having jurisdiction to grant letters of administration cannot be attacked collaterally, but is conclusive until a direct proceeding is instituted to revoke it.

**3. SAME—QUALIFICATION OF ADMINISTRATOR.**

Code Civ. Proc. § 2661, enumerating the persons who shall not be appointed administrators, and providing that letters shall not be issued "to a person not a citizen of the United States, unless he is a resident of the state," permits the appointment of one not a citizen if a resident of the state.

Smith, J., dissenting.

Appeal from Special Term, Albany County.

Action by Elia Tanas as administrator of William Dimitri, deceased, against the Municipal Gas Company of the City of Albany. From a judgment dismissing the complaint, entered on a nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John H. Gleason, for appellant.

Andrew Hamilton (Edgar T. Brackett, Franklin M. Danaher, and Neile F. Towner, of counsel), for respondent.

HOUGHTON, J.    The action is for the negligent killing of plaintiff's intestate.    The intestate died, as is claimed, from the effects of illuminating gas which the defendant negligently allowed to escape from its main.    At the time of his death he was a resident alien, being a subject of the Sultan of Turkey.    His widow and minor child, his only next of kin, are conceded to have been and now are nonresident aliens, being residents of the province of Macedonia in the Ottoman Empire.    The defendant's motion for a nonsuit was granted on the sole ground that under our statute an action cannot be maintained for death caused by negligence where the widow and next of kin of the decedent are nonresident aliens.

The correctness of this ruling is the only question urged upon this appeal, and in its discussion we assume that the plaintiff made a question of fact for the jury with respect to the defendant's negligence and lack of contributory negligence on the part of the deceased. After a careful consideration of the able briefs of counsel and such independent investigation as we have been able to make, it is our opinion that the trial court erred in granting the nonsuit, and that such an action can be maintained.    The earlier statutes giving such a cause of action were embodied in sections 1902 and 1903 of the Code of Civil Procedure, and neither of these sections, nor any of the acts from which they were compiled, contains any exception with respect to the character or residence of the husband, wife, or next of kin of the deceased; and it is conceded that, if any exception exists which would exclude nonresident alien next of kin, it must be read into the statute as being within the intent of the Legislature.    The language of the statute is:

"The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover

damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." Code Civ. Proc. § 1902.

Since the creation of this character of action by the Legislature in 1847, doubtless many cases have passed through the courts where the next of kin of the deceased were nonresident aliens; but the question does not appear to have been raised and passed upon by any of the courts of our state, and we have therefore no direct decision to aid us in our interpretation of the statute. The nearest approach to it that we have been able to find is the Matter of Paola, 36 Misc. Rep. 514, 73 N. Y. Supp. 1062, which was an adjudication by a surrogate on an application made for the granting of letters of administration upon the estate of a decedent claimed to have been killed by negligence, where the widow and next of kin resided in Italy. The surrogate granted letters to a next friend of the decedent for the purpose of proscuting the action for the benefit of the nonresident aliens. Even in this case the question was not raised as to whether or not such an action would lie, and the point was only incidentally passed upon by the surrogate in his remarks with respect to granting administration. The question has, however, been passed upon by several sister states having statutes similar to our own, or, if not substantially alike in language, yet having the same object in view. Upon the one side are Mulhall v. Fallon, 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 79 Am. St. Rep. 309; Vetaloro v. Perkins (C. C.) 101 Fed. 393; Kellyville Coal Co. v. Petraytis, 195 Ill. 215, 63 N. E. 94, 88 Am. St. Rep. 191; Renlund v. Commodore Mining Co. (Minn.) 93 N. W. 1057; Augusta R. R. Co. v. Glover, 92 Ga. 142, 18 S. E. 406; Luke v. Calhoun Co., 52 Ala. 115; and Bonthron v. Phœnix Light & Fuel Co. (Ariz.) 71 Pac. 941, 61 L. R. A. 563—holding that under the statutes of their particular jurisdictions nonresident alien next of kin are not excluded. Upon the other we have Deni v. Pennsylvania R. R. Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676; McMillan v. Spider Lake Lumber Co. (Wis.) 91 N. W. 979, 60 L. R. A. 589; Brannigan v. Union Gold Mining Co. (C. C.) 93 Fed. 164; and Whitsell v. Bunker Hill Mining Co. (U. S. Cir. Ct. Idaho) not reported—holding that it was not the intention to grant the benefit of the statute to nonresident alien next of kin.

The authority of the Massachusetts decisions is questioned, because, in general, actions for negligent killing in that state are deemed to be mere revivals of the action which the decedent had. This is not the case in the statute giving the next of kin of an employé killed by the negligence of his employer, where death is instantaneous and without conscious suffering, a right of action; but in the decision referred to, in view of the general scheme of the statute, the court deemed the statutes practically alike in that respect. The Alabama and Illinois cases are criticised as authorities because the statutes under consideration are primarily police and mining regulations. None of the cases pro or con are binding upon us, but they are instructive, and throw such light as they may on the proper interpretation of our own statute.

The act of Parliament (9 and 10 Victoria, c. 93) known as "Lord Campbell's Act," is the original law from which the statute of our own state and those of most of the states of the Union were copied. If there were a line of English cases consistently interpreting the act as it might relate to nonresident aliens, while even those decisions would not be binding upon us, they would have very great weight as showing how the statute is understood in the country where it originated. But unfortunately there are but two decisions which have been called to our attention bearing upon the subject. The one is Adam v. The British and Foreign Steamship Co., 2 Q. B. D. 430, holding that nonresident alien next of kin are not entitled to the benefit of the statute; and the other is Davidsson v. Hill, 2 L. R. K. B. 606, criticising the former case, and holding that there is no reason for saying that nonresident next of kin are excluded. The two courts so deciding are of equal jurisdiction and authority, and neither are the highest courts of the realm. The Davidsson Case is criticised because the reasoning of the decision is said to be upon a false basis. It comes, therefore, that we must give an original interpretation of the act according to its language and our understanding of the intent of the Legislature. In doing this it may be well to look at the policy of the state before and after the passage of the act with respect to aliens.

An alien has the same right to relief in a court of equity, against piracy of his trade-mark, as a citizen of the United States. Taylor v. Carpenter, 11 Paige, 292, 42 Am. Dec. 114; Lemoine v. Gauton, 2 E. D. Smith, 343. Aliens may take personal property as next of kin, under the act for the distribution of intestate estates, and our courts are open to them for the enforcement of payment. Bradwell v. Weeks, 1 Johns. Ch. 206; Meakings v. Cromwell, 5 N. Y. 136; Marx v. McGlynn, 88 N. Y. 376. A resident alien has the capacity to sue and be sued, and is entitled to the protection and benefits of our laws. Clarke v. Morey, 10 Johns. 69. So, too, if he violates any of our laws, redress may be had against him, although a nonresident, if process can be served. Olcott v. Maclean, 73 N. Y. 223. Our courts have had occasion to comment upon the act of 1847 and the embodied sections of the Code, and those decisions throw some light on the character and intent of the statutory provision creating the cause of action.

In Lang v. Houston Street Electric R. R. Co., 75 Hun, 152, 27 N. Y. Supp. 90, affirmed 144 N. Y. 717, 39 N. E. 858, Follett, J., says:

"This statute is a remedial one, enacted for the purpose of compelling those who negligently cause the death of persons to compensate the surviving husband, widow, or next of kin of the person so killed, and, like all such statutes, should be so construed as to give, instead of withholding, the remedy intended to be provided. The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it. The latter is an incidental provision. There is nothing in the words of the statute nor in the circumstances attending its enactment from which it can be inferred that the Legislature intended only to give a right of action in case the person killed was a citizen of this state, or left property in this state. The words of the statute are: 'The executor or administrator of a decedent may maintain an action to recover damages.'"

In Oldfield v. N. Y. & Harlem R. R. Co., 3 E. D. Smith, 103, Ingraham, J., says:

"We cannot adopt any other conclusion as to the policy of this law than that it was intended to compel persons and corporations engaged in a business which endangered the lives of citizens to be more careful than had been the case before its passage, and, by affording a redress for such injuries, which did not exist before, to punish them for their neglect. In the construction of acts passed evidently with the intent of requiring from railroad corporations, as well as others, more care in regard to the lives of travelers and persons passing through the streets and highways, it is not the duty of courts to adopt views which would render such acts nugatory, and enable violators of them to escape with impunity, as was so often the case before this statute was enacted, but, on the contrary, to give the statute effect, by adopting the evident intent with which it was passed, holding those who negligently destroy the lives of third persons responsible for the consequences of such negligence."

On appeal this case was affirmed (14 N. Y. 310), and in the course of the opinion the court says:

"The leading object of the statute was to authorize the maintenance of such actions in cases where death had ensued from wrongful act, neglect, or default. The personal representatives of any deceased person who could himself, if living, have maintained an action for personal injuries, may bring and maintain a suit for the exclusive benefit of the widow and next of kin of the deceased."

Littlewood v. The Mayor, 89 N. Y. 27, 42 Am. Rep. 271, was a case where the deceased, in his lifetime, and between the accident and his death, had recovered a judgment for his injuries, which had been paid, and the court held that such judgment was a bar to an action in behalf of his next of kin. The contention on the part of the plaintiff was that the damages given to the representatives were different from those which the common law gave to the injured party, and hence there could be no double recovery. Rapallo, J., says:

"The argument in favor of the construction contended for on the part of the plaintiff is based largely upon the provisions relating to damages to be recovered and the disposition to be made of them. Some provisions on these subjects were necessary by reason of the novelty of the action, and such have been adopted as were deemed most appropriate. But they should not control that part of the statute which imposes the liability, or extend it beyond the fair import of its terms. It is clear that the Legislature might give the representatives the statutory right of action only as a substitute for the damages which the deceased was prevented by his death from recovering."

In another part of the opinion he says:

"The language of the act plainly indicates, I think, that the framers had in view the common-law rule, 'actio personalis,' etc., and that their main purpose was to deprive the wrongdoer of the immunity from civil liability afforded by that rule."

McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664, was an action for the negligent killing of a citizen of the state on the high seas on board a vessel registering from a port in the state. The demurrer to the complaint had been sustained in the court below on the ground that, notwithstanding the laws of the state have dominion of a vessel on the high seas, yet that such jurisdiction had not been exercised by

the state of New York, and that the statute was restricted in its opera-
tion to the actual territorial bounds of the state. The court held that
the vessel, wherever it might be, for the purposes of the act, was a
part of the territory of the state, notwithstanding its geographical
boundaries. In thus broadly construing the act, the court says:

"No such restriction is contained in the statute now under consideration.
Its language is broad and general, and by its terms it operates in all places.
Its operation on cases arising in other states and countries has not been
denied by reason of anything contained in the act itself, or in any other
legislative act, but on general principles of law."

The case of Robinson v. The Oceanic Steam Navigation Co., 112
N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, was one brought by a person
residing in Massachusetts, who had come to this state and obtained
letters of administration. The defendant was a British company, and
the negligent killing occurred on the high seas. It was held that
the court had no jurisdiction, because both the plaintiff and defend-
ant were nonresidents, and the killing did not take place within the
territorial limits of the state. In the course of its opinion the court
says:

"We therefore have a case where the plaintiff is a nonresident, the de-
fendant a foreign corporation, and the cause of action did not arise within
this state. Every rule of comity and natural justice and of convenience is
satisfied by giving redress in our courts to nonresident litigants when the
cause of action arose or the subject-matter of the litigation is situated
within this state."

In the Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N.
E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635, the sole administrator
and next of kin died during the pendency of the action. The ques-
tion was whether the cause of action survived and could be revived
by the substitution of another administrator. The court held that
upon the death of the intestate the damages, if any, to be recovered,
became a part of the estate of the next of kin, as though they had been
collected and paid over before his death, and that hence the cause of
action survived.

Following the reasoning of this case, this court recently held
(People ex rel. Harris v. Gill, 85 App. Div. 192, 83 N. Y. Supp. 135)
that an action of this character was one for a wrong done to the prop-
erty rights of the beneficiary, and that hence an execution against the
person might issue in default of payment of the judgment obtained.

O'Reilly v. Utah, Nevada & California Stage Co., 87 Hun, 407, 411,
34 N. Y. Supp. 358, held that upon the death of the intestate his ad-
ministrator had a fixed right to recover the damages sustained, which
were not enlarged by the removal of the limit to recovery then ex-
isting.

Assignability and survivability of things in action are convertible
terms. If the cause of action to recover damages for negligent kill-
ing is one to recover for injuries to property rights, and survives the
death of the sole beneficiary, those property rights become vested in
the next of kin immediately upon the death of the intestate, and are
assignable. While not strictly of the same character, yet, so far as
their being property rights are concerned, they are like distributive

shares in the estate of an intestate. These we have seen would pass to an alien, and our courts would be open to enforce their payment.

It is urged that the main object of the statute is to prevent pauperism within the state, and that in the case of nonresident alien next of kin no such reason exists, and that, the reason for the provision failing, the statute should fail. The case of Quin v. Moore, 15 N. Y. 432, is relied upon to sustain this proposition. What the court says upon that subject is this:

"It is not required that the person killed should be a husband, father, or protector; although the Legislature, in passing the act, was doubtless mainly influenced by the evident justice of compelling the wrongdoer to compensate families dependent in a greater or less degree for support on the life of the deceased."

That dependence is not the main object of the statute is illustrated by the fact that a parent, through an administrator, may recover for the negligent killing of his infant child.

We do not think it is important that it was not shown upon the trial that a law similar to our own exists in the Ottoman Empire, and therefore that a similar action might be maintained for the negligent killing of a citizen of our own state there. If it were a necessity, the burden was clearly upon the plaintiff to prove that fact, for there is no presumption that the statute law of a foreign country is similar to our own. Debevoise v. N. Y., L. E. & W. R. R. Co., 98 N. Y. 377, 50 Am. Rep. 683. But the negligent killing was within our own territory, and by a citizen corporation of our state, liable under its laws. The deceased was a resident, although an alien, and entitled to the protection and benefit of both our common law and statutes. There can be no question, if he had not died, that he would have had a right of action against the defendant, and we think his representative can maintain the action prescribed by the statute, notwithstanding the ultimate fruits of the litigation shall pass to nonresident alien next of kin. It cannot be claimed that a right of action would not exist in behalf of the representative of a citizen of another state negligently killed within our territory, because the fruits of the litigation would pass to next of kin residing there. Lang v. Houston Street Electric R. R. Co., 75 Hun, 152, 27 N. Y. Supp. 90; Matter of Degaramo's Estate, 86 Hun, 390, 33 N. Y. Supp. 502. To deny the action because the widow and next of kin are nonresident aliens is to incorporate into the sections of the Code a restriction which they do not contain. It is to refuse compensation to a certain class of persons for a real injury recognized by the statute. We see no reason, either from the probable intent of the Legislature or the holdings of our courts with respect to the act, why the exception contended for should be held to exist. The words are broad, and comprehend every widow and all next of kin, whether citizens, residents, aliens, or nonresident aliens. The only qualification is that the representative shall present such a cause of action as would allow the intestate to recover had he not died. The remedy, if one is desirable, is with the Legislature, rather than that the courts should read into the plain statute an exception which does not exist.

There is another exception, taken on the trial, but not urged on

the argument, which, if well taken, would defeat recovery by this plaintiff, and which perhaps should not go unnoticed. This is that the plaintiff has no right to maintain the action, because he was not legally appointed administrator of the estate of the deceased. The plaintiff was appointed by the Surrogate's Court of Albany county, as a creditor of the deceased. The administrator is a native of Macedonia, but at the time of his appointment was a resident of the state of New York, and had been such for six years, having meantime filed the declaration of his intention to become a citizen. The death having occurred in the county of Albany, the surrogate of that county had jurisdiction to grant the letters, and they cannot be attacked collaterally, but are conclusive until a direct proceeding is instituted to revoke them. Lowman v. Elmira, C. & N. R. Co., 85 Hun, 188, 32 N. Y. Supp. 579, affirmed 154 N. Y. 765, 49 N. E. 1099; Code Civ. Proc. § 2591. But, in addition to this, the plaintiff, being a resident of the state, although not a citizen of the United States, does not come within the class of persons incapable of holding the office of administrator. Section 2661 of the Code of Civil Procedure enumerates the persons who shall not be appointed, and, amongst others, it provides that letters shall not be issued "to a person not a citizen of the United States, unless he is a resident of the state." The effect of this language is to permit the appointment of one not a citizen if he be a resident. The action was therefore maintainable by the plaintiff in his representative capacity.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, J., who dissents.