PENNSYLVANIA R. CO. v. LEVINE.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 75.

DEATH ☜8—RIGHT TO DAMAGES GOVERNED BY LAW OF DOMICILE OF BENEFI-
CIARIES.

Under Act Pa. April 26, 1855 (P. L. 309), as amended June 7,
1911 (P. L. 678), giving a right of action for wrongful death to designated
relatives of deceased, the amount recovered to go to them in the propor-
tion they would take his personal property in case of intestacy, and the
provision of Pennsylvania statute of distribution (2 Purdon's Dig. [13th
Ed.] p. 2004, par. 50), that it shall not apply to the personal estate of an
intestate whose domicile at time of death was out of the state, where the
deceased, for whose death action is brought, was at the time of death
domiciled in another state, the right of action is limited to those who
would receive his personal estate under the laws of such state.

In Error to the District Court of the United States for the Southern
District of New York.

Action by Hannah Levine against the Pennsylvania Railroad Com-
pany. Judgment for plaintiff, and defendant brings error. Reversed.

Burlingham, Veeder, Masten & Fearey, of New York City (M. L.
Fearey, of New York City, and H. H. Breland, of Brooklyn, N. Y.,
of counsel), for plaintiff in error.

Gould & Wilkie, of New York City (R. L. von Bernuth and
Charles G. Keutgen, both of New York City, of counsel), for defend-
ant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. The plaintiff's intestate was killed at Mt.
Union station, Pa., while a passenger on a train of the defendant there
in collision with one of defendant's freight trains. The defendant
admitted its liability, leaving only the question of the amount of re-
covery.

The intestate was unmarried, leaving his parents him surviving,
and at the time of his death was domiciled in New York. His father
died before suit brought, and this action was instituted by his mother.

The Pennsylvania death statute of April 26, 1855 (P. L. 309), as
amended in 1911 (Act June 7, 1911 [P. L. 678]), provides:

"An act relating to damages for injuries producing death.

"Section 1. Be it enacted by the Senate and House of Representatives of
the commonwealth of Pennsylvania in General Assembly met, and it is hereby
enacted by the authority of the same, that the persons entitled to recover
damages for any injury causing death, shall be the husband, widow, children
or parents of the deceased, and no other relative, and that such husband,
widow, children or parents of the deceased shall be entitled to recover whether
he, she or they be citizens or residents of the commonwealth of Pennsylvania
or citizens or residents of any other state or place subject to the jurisdiction
of the United States, or of any foreign country, or subjects of any foreign
potentate; and the sum recovered shall go to them in the proportion they

would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this commonwealth.

"Sec. 2. That the declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter."

By the law of Pennsylvania the intestate's personal property would have gone to his father and mother, whereas by the law of New York it would have gone to the father only.

The complaint as amended at the trial claimed recovery on behalf of the plaintiff herself and the estate of her deceased husband. The trial judge directed the jury to find a general verdict for the damages, stating at the same time the amounts apportioned to the plaintiff as mother and to the estate of the deceased father, respectively. The jury found a verdict of $7,665 damages, of which $7,000 was for the mother and $665 for the father.

So the question is whether these damages, although not a part of the intestate's estate, are to be distributed to the persons who and in the proportion which they would take his personal property under the intestate laws of Pennsylvania or under the intestate laws of New York.

As the right to recover damages for death caused by negligence is purely statutory, the law of Pennsylvania, which created the right, must be looked to, for the purpose of ascertaining the persons who are entitled to recover and in what proportions. The statute provides that the persons entitled to recover are those who by the laws of the commonwealth would take the decedent's property, if he had died intestate, and in the same proportions. The Pennsylvania statute of distribution (2 Purdon's Digest [13th Ed.] p. 2004, par. 50) provides:

"Nothing in this act contained, relative to a distribution of personal estate among kindred, shall be construed to extend to the personal estate of an intestate, whose domicile, at the time of his death, was out of this commonwealth."

In other words, succession to such property is to be according to the law of the decedent's domicile. This is in conformity with the general principle of law that the situs of personal property is at the domicile of the owner, and that in case of his intestacy the succession is governed by the law of his domicile. Wilkins v. Ellett, 9 Wall. 740, 19 L. Ed. 586.

It follows that by the law of his domicile at the time of the decedent's death his father only was entitled to recover damages therefor. We would, if we could, direct judgment to be entered for $665, the amount of his damages as found by the jury; but, under Slocum v. Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, there must be a new trial.

The judgment is reversed.