In the Matter of MELITTA P. BURKE, as Administratrix of the Estate of WILLIAM A. PETRASEK, Deceased.

Surrogate's Court, Queens County, January 20, 1948.

*John P. Carson* for Melitta P. Burke, as administratrix of the estate of William A. Petrasek, deceased, petitioner.

*Shepard H. Farrington,* special guardian for Barbara A. Petrasek and another, infants.

SAVARESE, S. The application for permission to compromise a cause of action for decedent's wrongful death is granted. The compromise with the insurance carrier is also approved and its share in the recovery may be paid directly to it. The law applicable to the distribution of the proceeds remains to be determined.

Decedent was a resident of this State at the time of his death on January 31, 1946, when the airplane on which he was a passenger crashed into Elk Mountain near Cheyenne, Wyoming. He left a widow and two infant children surviving. Under section 88–4001 of the Wyoming Revised Statutes the widow is entitled to one half of the recovery, while each child receives one fourth thereof. Under section 83 of the New York Decedent Estate Law the widow would take one third, while each child would also take one third.

The substantive rights of parties to a wrongful death action are governed by the law of the place of death. (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; Restatement, Conflict of Laws, § 391.) One must therefore look to the law of Wyoming to determine the method of apportioning the proceeds of the settlement. Section 89–404 of the Wyoming Revised Statutes provides, insofar as pertinent, as follows: " * * * the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate." While there is no specific provision with respect to amounts received by way of settlement rather than by action, since the proceeds are received only by reason of the liability created by the Wyoming statute it would seem proper to direct distribution thereof as if recovered in an action. (*Ross* v. *Eaton,* 90 N. H. 271; accord, *Matter of Degaramo,* 86 Hun 390.)

Does the above-quoted portion of the statute refer to the Wyoming or to the domiciliary statute of distribution? The sum recovered is a special fund and not actually part of decedent's general estate. (See *Greco* v. *Kresge Co.,* 277 N. Y. 26, 32; *Stutz* v. *Guardian Cab Corp.,* 273 App. Div. 4; *Graham* v. *Douglas Aircraft Co.,* 188 Misc. 1043, 1044.) However, Wyoming could provide that the fund be distributed *as if* it were a part thereof. Has it done so here? The statute is ambiguous, and no Wyoming cases have been found which resolve the question, although several indicate generally that the fund is not to be treated as part of the decedent's estate. (See *Tuttle* v. *Short,* 42 Wyo. 1, 17, 18; *Coliseum Motor Co.* v. *Hester,* 43 Wyo. 298, 311.) Cases from other jurisdictions are not too helpful because of the variety of statutory language and because they reach one conclusion or another without analysis of possible alternatives. In *Matter of Degaramo* (86 Hun 390, *supra*) an ancillary executrix had received a sum in settlement of a wrongful death action in Ohio. The decedent had been a resident of Michigan. The Ohio wrongful death statute provided for apportionment of the recovery among the beneficiaries " in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates, left by persons dying intestate." The New York court held that the proceeds of the settlement were distributable to the decedent's husband whose status as such was recognized in Ohio but not in Michigan. In *Hartman* v. *Duke* (160 Tenn. 134), the Arkansas wrongful death statute provided

that the recovery " shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate." The Tennessee court construed this language to refer to the Arkansas statute of distribution rather than to the statute of distribution of Mississippi, the State of domicile. In *Matter of Coe* (130 Iowa 307) the Illinois wrongful death statute involved was identical in this respect to the Arkansas statute in *Hartman* v. *Duke* (*supra*). The Iowa court applied the Illinois intestacy laws, although decedent had been an Iowa resident. Other cases in accord are *Ross* v. *Eaton* (90 N. H. 271, *supra*) and *Matter of Gutkowski* (135 N. J. Eq. 93, 95).

Three cases have been found that arrive at a different result. *Hartley* v. *Hartley* (71 Kan. 691) involved a Kansas resident who was killed in Iowa. The Iowa wrongful death statute provided that the damages " shall be disposed of as personal property belonging to the estate of the deceased ". This language was held to mean that the Iowa Legislature intended such proceeds to be distributed as if part of the decedent's estate. Such construction was specifically approved in *M'Cullough* v. *Railway Co.* (160 Iowa 524, 528), where the Iowa court pointed out that its law was a true survival statute compensating for the damage to the decedent's estate and not for the benefit of persons named in the statute. In *Pennsylvania R. R. Co.* v. *Levine* (263 F. 557, affd. after new trial 284 F. 1019 [C. C. A. 2d]) the Pennsylvania wrongful death statute provided that " the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy ". The Pennsylvania intestacy statute had a provision that: " Nothing in this act contained, relative to a distribution of personal estate among kindred, shall be construed to extend to the personal estate of an intestate, whose domicile, at the time of his death, was out of this commonwealth." This was interpreted not only as a codification of the common-law rule that intestate personalty is distributable according to the laws of the decedent's domicile, but also as requiring similar distribution of a wrongful death recovery. In *Matter of Hertell* (135 Misc. 36) the court applied the New York intestacy laws to the distribution of a wrongful death settlement in Michigan by the administratrix of a New York decedent. No reasons were advanced by the court for its conclusion, except that the administratrix was subject to the jurisdiction of the New York court. The question of statutory interpretation was not considered, and the issue was dealt with as one of power. The *Hartley* and *Levine* cases (*supra*) may be

supported on the basis of the peculiar statutory language present. The statutes there involved, however, are distinguishable from the Wyoming statute under consideration here. No token of intention is found in Wyoming law that a wrongful death recovery there should be apportioned according to the law of decedent's domicile.

This view finds support in the Restatement of the Conflict of Laws.

Section 393 thereof reads as follows:

" Damages recovered in one state on a cause of action created by the death statute of another state are distributed as provided by the law of the latter state.

" *Comment:*

" a. *When statute provides next of kin as beneficiaries.* If the statute of the place of wrong provides that distribution shall be to ' next of kin,' the law of that state determines who are next of kin, and not the law of the domicile of the decedent if that is a different state. This is true whether by the law of the forum the distribution is made by the court in which action is brought, or by some other court, for instance, the probate court.

" *b. When statute provides for distribution of amount recovered as personal property.* If the statute of the state of wrong provides for distribution of the amount recovered in the same manner as the personal property of an intestate, the distribution will be made according to the law of distribution in the place of wrong and not according to the law of distribution in the domicile of the decedent, unless the statute provides otherwise.

" *c. Rationale.* The distribution of damages recovered under a wrongful death statute is not determined by the law of the decedent's domicile which controls the distribution of decedent's estate, because such damages constitute no part of his estate. They ordinarily represent a special fund to be distributed to certain designated beneficiaries, and the distribution depends upon the law of the state which, by its wrongful death statute, creates the cause of action."

The above is adopted as representing the law in this State and in Wyoming in the absence of any definitive ruling in either jurisdiction. Consequently, the proceeds of settlement in this case are distributable in the proportions provided by section 88–4001 of the Wyoming Revised Statutes. Account settled. Submit decree accordingly.