In the Matter of the Accounting of JAMES H. WILLIAMS, JR., as Administrator of the Estate of ALBERTA E. WILLIAMS, Deceased.

Surrogate's Court, New York County, February 6, 1948.

*Robert P. Lynn* for administrator, petitioner.

*Grace Kelly Santo,* special guardian for Elizabeth R. Calvert, an infant, respondent.

DELEHANTY, S. In this accounting proceeding the law applicable to the distribution of the proceeds of a wrongful death action which arose in a foreign jurisdiction must be determined.

Deceased was a resident of this county and State. She died in an automobile accident in New Hampshire. She left surviving her a husband and an infant dependent child who is issue of a prior marriage of deceased. The New Hampshire death action statute differs from our own in that it directs distribution of the proceeds of such action one half to a surviving spouse and one half to minor and dependent issue when both spouse and such issue survive.

The question here presented is whether the proceeds of the action for causing the wrongful death of deceased are to be distributed under the law of New York or under that of New Hampshire. It is settled that such proceeds must be distributed in accordance with the law of the jurisdiction where the cause of action arose (*Slater* v. *Mexican Nat. R. R. Co.*, 194 U. S. 120; *Loucks* v. *Standard Oil Co. of N. Y.*, 224 N. Y. 99; *Kiefer* v. *Grand Trunk Ry. Co.*, 12 App. Div. 28, affd. 153 N. Y. 688; *Matter of Petrasek*, 191 Misc. 9). Here the proceeds are distributable under the laws of the State of New Hampshire. The attorney's fees are allowed in the amount requested.

Submit, on notice, decree accordingly.