In the Matter of the Accounting of LOUISE A. VON SCHLICHTEN, as Administratrix of the Estate of ALEXANDER P. VON SCHLICHTEN, Deceased.

Surrogate's Court, Kings County, October 15, 1951.

*Robert J. Keegan, Jr.,* for administratrix, petitioner.

*John F. O'Shea,* special guardian.

RUBENSTEIN, S. The administratrix seeks approval of the compromise of an action for wrongful death of the decedent; Santa Maria and Santa Barbara, in the State of California. the judicial settlement of her account; the fixation of compensation of the attorney for services rendered; and a determination of the manner of distribution of the proceeds between the widow and two minor children.

The court finds the compromise to be for the best interest of the widow and the two minor children and it will be approved.

The decedent, a resident of Kings County, met his death April 6, 1951, while a passenger on an airliner traveling between He was then forty-nine years of age and left a widow and two

minor dependent sons surviving, the older son being nineteen years six months and twenty-five days of age and the younger son sixteen years and six days.

The substantive rights of the parties to a wrongful death action are governed by the place of death (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Matter of Petrasek*, 191 Misc. 9; *Matter of Williams*, 192 Misc. 555). Recourse must be had therefore to the law of the State of California. Section 377 of the California Code of Civil Procedure insofar as pertinent reads: " When the death of a person * * * who leaves surviving him either a husband or wife or child or children * * * is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *. The respective rights of the heirs in any award shall be determined by the court." In accordance with this statute the distribution must of necessity be on the basis of the pecuniary loss of the distributees and not in the proportion fixed by the statutes of distribution (*Matter of Riccomi*, 185 Cal. 458, Note, 14 A. L. R. 509) and is intended to be a means of providing for the family and members thereof compensation for the loss of what each could have expected to receive by way of comfort and support from the deceased had he lived and kept the family together (*Simoneau* v. *Pacific Elec. Ry. Co.*, 159 Cal. 494; *Robinson* v. *Western States Gas & Elec. Co.*, 184 Cal. 401). The distribution to the widow and minor children is thus not unlike the provisions for their benefit under section 133 of the Decedent Estate Law which provides for sharing " in proportion to the pecuniary injuries suffered ". The proceeds of the settlement will be distributed to the decedent's spouse and minor children based on the period they might reasonably have looked to the decedent for support (*Matter of Kaiser*, 198 Misc. 582) and is computed in conformance therewith. The court determines that the net amount to be received in settlement is payable .77 to the widow; .06 to the benefit of Alexander P. Von Schlichten, the older son; .17 to the benefit of William J. Von Schlichten, the younger son.

The requested fee for legal services including the entry of the decree and distribution hereunder is fixed in the amount requested. The attorney will be allowed also his actual disbursements in this proceeding only.

Submit decree, on notice, accordingly.