In the Matter of the Accounting of MARTHA DIMIRSKY, as Administratrix of the Estate of WILLIAM DIMIRSKY, Deceased.

Surrogate's Court, Bronx County, December 14, 1951.

*Jacob E. Heller* for administratrix.

*Anthony Serpone,* special guardian for Jeremiah Dimirsky, an infant.

POTTS, S. In this accounting proceeding, the law applicable to the distribution of the proceeds of a settlement of a wrongful death action which arose as the result of the decedent's death in Connecticut, must be determined.

The decedent, a resident of this county, died in an automobile accident in Connecticut on October 27, 1950. He left surviving him a widow and an infant child.

The law of the place of the wrong governs the rights of the parties with respect to a recovery obtained in a wrongful death action (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; *Matter of Petrasek,* 191 Misc. 9; *Matter of Williams,* 192 Misc. 555).

The Connecticut wrongful death statute which was the basis of recovery here has been held to be one of survival. Under it the cause of action which the estate representative is permitted to pursue is not one which springs from death. It is one which comes to the representative by survival and is a continuance of that which the decedent would have asserted had he lived (*Shaker* v. *Shaker,* 129 Conn. 518; *Davis* v. *Margolis,* 108 Conn. 645). The damages recovered as a result thereof " ' represent an increment of value coming to his estate as of the moment of his death ' " (*Chase* v. *Fitzgerald,* 132 Conn. 461, 466).

This review of the Connecticut law would indicate that the proceeds of the recovery should be distributed according to the law of New York, the decedent's domicile (cf. *Matter of Petrasek,* 191 Misc. 9, 12, *supra,* and Restatement, Conflict of Laws, § 393, Comment d).

The question remains, however, as to whether section 83 or section 133 of the Decedent Estate Law controls such distribution.

The widow contends that the proceeds should be distributed in accordance with the provisions of the New York wrongful death statute (Decedent Estate Law, § 133) which would allow her a substantial portion of the settlement by reason of " the pecuniary injuries suffered " by her.

Section 133 of the Decedent Estate Law relates to the distribution of " damages recovered in an action, as prescribed in this article ". It is clear that article 5 of the Decedent Estate Law of which section 133 is a part applies only to actions brought

for damages for a wrong committed in New York State causing the death of a person (*Baldwin* v. *Powell,* 294 N. Y. 130, 132).

Clearly, therefore, since the proceeds here were not obtained by virtue of an action maintainable under article 5 of the Decedent Estate Law, section 133 thereof does not govern the distribution of these proceeds.

Furthermore, the New York wrongful death statute is not a survival statute. It creates a new and independent cause of action for the benefit of a husband, wife or next of kin who take a vested interest under it in their own right (*Davis* v. *Margolis, supra*; *Greco* v. *Kresge Co.,* 277 N. Y. 26, 32). The proceeds recovered do not form a part of the decedent's estate as provided by Connecticut law but constitute a " special fund " (*Baldwin* v. *Powell, supra,* p. 134).

These distinctions between the wrongful death statutes of Connecticut and New York make it readily apparent that the widow's contention must be overruled. The recovery by its very nature must be distributed as intestate property.

Both under the Connecticut statute of distribution and section 83 of the New York Decedent Estate Law, the widow is entitled to one third of the proceeds of the action and the child to two thirds thereof. Accordingly, distribution will be so directed.

The compensation of the attorney for the administratrix is fixed and allowed in the amount requested as to the share of the administratrix who executed the retainer agreement and will be limited to 33⅓% of the share of the infant, plus disbursements in the sum of $483.75.

Settle decree.