In the Matter of the Accounting of DORA SMULOWITZ, as Administratrix of the Estate of SARA SMULOWITZ, Deceased.

Surrogate's Court, Bronx County, December 7, 1955.

*David M. Fink* and *Jacquin Frank* for administratrix, petitioner.

*Thomas Cartelli,* special guardian for Henry Katapodes, an infant.

*James R. Gereghty,* special guardian.

McGRATH, S. This is an application for leave to compromise an action for wrongful death, fix the reasonable compensation for services rendered by the attorneys, settle the account of the administratrix and for a determination as to the distribution of the net proceeds of the sum to be recovered.

In accordance with the recommendations contained in the supplemental reports of the special guardians, the court finds that the compromise is for the best interests of the decedent's two minor children and it will be approved.

An issue has been raised as to the proper distribution of the net proceeds of the recovery. The decedent, a resident of Bronx County, died on December 16, 1951, when an airliner in which she was a passenger crashed and was destroyed in the Elizabeth River, at Elizabeth, New Jersey.

The deceased was then thirty-four years of age and her only surviving distributees are her two children who were born September 9, 1948, and November 4, 1951, respectively.

It is the contention of the special guardian of the older child that his ward should receive a larger percentage of the net recovery. The ground for this position is founded on the fact that the younger child was legally adopted on January 29, 1953, and, as a result of this adoption, it is argued that he has suffered a lesser pecuniary loss than his older brother who was not adopted. The special guardian for the younger child disagrees with this reasoning and urges that the net recovery should be divided equally between the two children.

The law is well settled that the substantive rights of the parties to a wrongful death action are governed by the law at the place of death (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Matter of Petrasek*, 191 Misc. 9; *Matter of Williams*, 192 Misc. 555; *Matter of Von Schlichten*, 201 Misc. 334).

The pertinent statute of the State of New Jersey in effect when the death occurred and upon which the recovery was predicated is section 2:47-4 of the New Jersey Revised Statutes (as amd. by L. 1948, ch. 429). This statute provides, *inter alia*: " The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the widow, surviving husband, dependent children of the decedent, * * * and shall be distributed to them in the proportions provided by law for the distribution of the personal property of intestates ".

The purpose of the 1948 amendment of the afore-mentioned section 4 has been construed as defining the beneficiary class (*Turon* v. *J. & L. Constr. Co.*, 8 N. J. 543), and a review of the cognate New Jersey decisions on this subject makes it clear that once a recovery for wrongful death is obtained, it is for the exclusive benefit of the enumerated beneficiaries in section 4 (*Turon* v. *J. & L. Constr. Co.*, *supra*; *Bohrman* v. *Pennsylvania R. R. Co.*, 23 N. J. Super. 399).

The New Jersey statute governing distribution in effect on the death of the decedent insofar as pertinent provides that where there is no surviving spouse, all intestate personal property shall be distributable to decedent's children.

The court, therefore, determines that the net amount to be distributed shall be shared equally by the decedent's two children.

The petitioner's request for reimbursement for expenses incurred for funeral and monument is allowed in the requested amount. The compensation of the attorneys is fixed and allowed in the amount of $33\frac{1}{3}\%$ of the recovery plus their disbursements in the sum of $318.34.

Settle decree.