Maximilian Moss, S.
This application seeks leave to compromise an action for wrongful death, fix the reasonable compensation of the attorney for services rendered, settle the administratrix’ account, remove restrictions in letters and deter *109 mine the manner of distribution of the net proceeds of the settlement.
The decedent was killed on May 19,1950, in the explosion and general disaster at the Port of Perth Amboy, New Jersey. He was survived by a widow and one infant child, a son.
The substantive rights of parties to a wrongful death action are governed by the law at the place of death (Loucks v. Standard Oil Co., 224 N. Y. 99; Matter of Von Schlichten, 201 Misc. 334; Matter of Williams, 192 Misc. 555). By the provisions of New Jersey Statutes Annotated, governing “ Death by Wrongful Act ’ ’ section 2A :31-4 ‘ ‘ The amount recovered * ° " shall be for the exclusive benefit of the persons entitled to take any personal property of the decedent, and in the proportions in which they are entitled to take the same.” Section 3A:4-2 of the said New Jersey Statutes provides that “ one-third of the personal property shall be distributed to the intestate’s husband or widow * * * and the residue in equal portions among the intestate’s children ”.
The court determines that the net proceeds of the recovery shall be distributed one third thereof to the widow, Ragna Hausvik, and two thirds to the infant son, Berger Olaf Hausvik. The compensation of the attorney, including his disbursements, is fixed and allowed in the requested amount. The fee allowed herein contemplates all services necessary to effect actual distribution. The other items of incidental relief are granted. Settle decree on notice.