Nathan R. Sobel, S-;
In several recent decisions (most recently Matter of Transillo, N. Y. L. J., June 30, 1972, p. 14, col, 2) this court has stated that where a choice of law problem arises with respect to the ‘ ‘ distribution ’ ’ of the proceeds of a wrongful death recovery, invariably New York law (EPTL 5-4.4) will govern. Many choice of law problems in wrongful death actions in which New York law does not apply, do arise of course with respect to the “ recovery ” aspects of such actions — viz.: limita^ tions on amounts of recovery, vicarious liability of owners, inter-spousal immunity, guest statutes, etc. These have recurred with some frequency and present troublesome problems. (Neumeier v. Kuehner, 31 N Y 2d 121; Thomas v. United Air Lines, 24 N Y 2d 714; Tooker v. Lopez, 24 N Y 2d 569; Miller v. Miller, 22 N Y 2d 12; Farber v. Smolack, 20 N Y 2d 198; Long v. Pan Amer. World Airways, 16 N Y 2d 337.)
This court could make the broad generalization with respect to the choice of law aspects of ‘ ‘ distribution ’ ’ because almost without exception when letters are issued out of this court to permit an action for wrongful death, both the decedent and his distributee beneficiaries are residents of this State. When a choice of law problem arises, we are instructed by Babcock v. Jackson (12 N Y 2d 473) to isolate the particular issue and then to analyze and measure the relevant governmental interests of the respective States in that issue. We follow that direction by isolating from the “ recovery ” aspects the “ distribution ” aspects. When the distributees who have suffered pecuniary injuries are residents of this State, obviously New York will always have the predominant governmental interest. We therefore apply New York law (EPTL 5-4.4) in distributing the damages recovered. (Matter of Robinson, 66 Misc 2d 167.)
This case is however the rare exception. The relevant factors are first mentioned.
*393 The decedent was a resident of Nevada. He was survived by his distributees (1) a wife and four infant children also residents of Nevada, and (2) two adult married daughters of a prior marriage, both residents of Connecticut.
Letters of administration were issued to one of the daughters upon the waiver of the wife. Jurisdiction of this court was based on property in Kings County. Both the decedent and his wife had recent roots here although at the time of his death both were clearly residents of Nevada.
Since this court is concerned with the “ distribution ” and not the “ recovery ” aspects, the following facts are also mentioned but not deemed relevant. The accident occurred in Connecticut. Decedent and an adult daughter were returning to Connecticut from New York. He was a passenger; the daughter was the driver-owner of the automobile registered in Connecticut. The automobile collided with a truck registered in Connecticut but owned by a New York corporation. The action and recovery by jury verdict was solely from the latter in the sum of $125,000. It is added that the Trial Judge charged Connecticut law on both the negligence aspects and the damage aspects. In the latter regard it is noted that unlike New York, Connecticut permits recovery by the estate of the decedent under a survival statute (Conn. Gen. Stat., § 52-599). Damages under such a statute are recovered not on the basis of the pecuniary injuries to the dependents but by the economic damages to decedent based primarily on the present value of likely earnings during his expectancy. In this same regard it is noted that Nevada has a recovery statute which like our own is based on the pecuniary injuries to the distributee dependents (Nev. Rev. Stat., § 41.090, subd. 1; EPTL 5-4.3).
Having isolated the ‘1 distribution ’ ’ aspects from the 11 recovery ” aspects, we discuss the distribution statutes of Connecticut and Nevada. Obviously, New York has no governmental interest whatsoever in the distribution aspects. We are perforce neutral. It is true that New York is the State of the defendant’s incorporation “ but that circumstance is insufficient * * * to warrant either application of our substantive law or interposition of our public policy. ’ ’ (Long v. Pan Amer. World Airways, 16 N Y 2d 337, 342-343, supra).
Connecticut’s distribution statute requires distribution from the estate of the decedent either under his will if any or if not under the laws of intestacy. Distribution in intestacy is essentially the same as in New York, viz.: one third to the widow and two thirds among the children. (Conn. Gen. Stat., § 45-280.)
*394 Nevada’s “distribution” statute is somewhat like our own (EPTL 5-4.4). The stated relatives which include .spouse and children, minor or adult, may prove their “ pecuniary injuries ” at the trial. No separate verdicts are required. The damages are then distributed by the court in accordance with the pecuniary injuries suffered by each. An added factor is that included in the damages to be distributed are loss of ‘ ‘ probable future companionship, society and comfort ”. (Nev. Rev. Stat., § 41.090, subd. 2.)
We next consider which of the distribution statutes, Connecticut’s or Nevada’s, should be applied. It is unnecessary to deal at length with the policy behind their distribution statutes. Both are purposed to permit recovery for the benefit of the decedent’s dependents. The States which like Connecticut permit recovery by the estate of the decedent do so to protect creditors. (Long v. Pan Amer. World Airways, 16 N Y 2d 337, 341, supra.) ■ Those which permit recovery by the dependents do not recognize claims of creditors. Beyond that the difference between the two kinds of distribution statutes appears to be historical. It is observed that the State of Nevada has filed a “ welfare lien ” but this was not against the estate of the decedent since it .is based on aid to the family after death. There are no Connecticut creditors.
If all of the distributees were residents of a single State, clearly the law of that State would be applied in distributing the recovery (Restatement, 2d, Conflict of Laws, § 177, Comment b; Long v. Pan, Amer. World Airways, supra; Farber V. Smolack, 20 N Y 2d 198, 204, supra; Satchwill v. Vollrath Co., 293 F. Supp. 533; Gore v. Northeast Airlines, 373 F. 2d 717). When the beneficiaries of the recovery are residents of different States, the rule is less categorical.
The predominant governmental interest to be served is that of the State containing the people who will receive the damages recovered. The widow and four infant children are domiciliaries of Nevada; the two adult married children are domiciliaries of Connecticut. There appear to be no decisions in this State or indeed elsewhere governing such an issue, i.e., where the beneficiaries are residents of different States. It seems logical in this instance to conclude that Nevada is the State most vitally concerned with the manner in which the widow and infant children of a Nevada decedent will be compensated for their pecuniary loss resulting from the wrongful death of their breadwinner. The Nevada distribution statute should be applied.
The Connecticut distributees do not contend that the distribution statutes of Connecticut should be applied. They contend *395 that since the recovery was by the estate of the decedent, under Connecticut law distribution should be under the intestacy statutes of Nevada not its distribution statutes. This contention is based on some old Connecticut decisions. Those cases as well as the instant contention raised ‘1 false conflict ’ ’ contentions since the local rules of intestacy were the same in both jurisdictions.
If Connecticut were the forum State and its courts decided on the basis of its local choice of law principles that Connecticut law should apply to the recovery (damages) aspects, then of course, recovery would be by the estate. Since ordinarily the same choice of law principles will govern the measure of damages and the distribution of damages, Connecticut’s courts could logically decide that its own intestacy laws or the intestacy laws of another State should govern distribution. Although the present state of Connecticut’s conflict jurisprudence is not brought to the attention of this court, the absence of newer decisions may be indicative that lex loci delicti principles are still being applied. (See, e.g., Landers v. Landers, 153 Conn. 303.)
However New York, not Connecticut, is the forum State and it is our ‘1 choice of law ’ ’ principles which must be applied. True a New York trial court did apply Connecticut law to the measure of damages. This was not challenged by either party and the judgment recovered has been paid. It is therefore irrelevant whether the trial court applied the appropriate choice of law to the recovery aspects.
It is determined that the choice of law made by this court, also a forum court, on the ‘ ‘ distribution ’ ’ aspects is not compelled or need not be influenced by the choice made by the trial court on the “ recovery ” aspects. Many of the New York cases heretofore cited have applied different “ choice of law” principles to separate particular issues in the same action. (See, also, Matter of Clark, 21 N Y 2d 478; Matter of Crichton, 20 N Y 2d 124.) It is repeated that for the purpose of arriving at a choice of law, the “ particular issue ” of distribution of damages may be isolated from the issue of recovery of damages — as the latter has been from issues of limitation .of damages, inter-spousal immunity and guest statutes. (See Restatement, 2d, Conflict of Law, § 175; Miller v. Miller, 22 N Y 2d 12,15-16, supra.)
Just as perhaps the two Connecticut cases cited for the contention discussed (Shaker v. Shaker, 129 Conn. 518; Davis v. Margolis, 108 Conn. 645) may no longer be good Connecticut law, so the New York case relied upon Matter of Dimirsky (201 Misc. 118) is no longer good law in this State. (This is true also of Riley *396 v. Capital Airlines, 24 Misc 2d 457, mod. 13 A D 2d 889.) It was decided under lex loci delicti principles. In Dimirsky, death to a New York resident occurred as a result of an accident in Connecticut. Under then accepted principles, the place of the conduct and injury governed all aspects including recovery and distribution. This was also the position of the Restatement since modified by sections 175-180 of the Restatement, 2d.
It is therefore by no means certain that if the action had been brought in Connecticut, its courts would not have applied the same principles now applied by this, a forum court.
In any event, Connecticut law does not govern. The forum law of New York does govern and this court is required to apply our recently established choice of law principles to the particular issue before this court. In so doing, the relevant policies of Connecticut must always be a consideration. But in this case, no resident of Connecticut patterned his conduct under Connecticut law and no judgment was recovered against any Connecticut resident. Except for the factor not heretofore mentioned that there was a separate cause of action for personal injuries by the Connecticut host operator (no recovery) it is difficult to see why Connecticut law was applied to the measure of damages on the wrongful death cause.
On the distribution aspects it is true that two Connecticut residents are distributees of decedent and if they were the only distributees this court would, of course, apply Connecticut law to the distribution aspects. But since the principal distributees are residents of Nevada, it is not perceived that any policy of Connecticut is offended by a New York forum court under such circumstances ordering distribution pursuant to the distribution statutes of Nevada. (Richards v. United States, 369 U. S. 1.) It is a consequence of the application of choice of law principles that some protagonists gain while others lose or we would never have any necessity for a conflicts jurisprudence.
Settle decree pursuant to further directions in separate opinion.