MICHAEL MURPHY, ADMINISTRATOR, *vs.* THE NEW YORK AND
NEW HAVEN RAILROAD COMPANY.

The statute (Rev. Stat., tit. 1, § 83,) provides that " actions for injuries to the per-
son, whether the same do or do not result in death, shall survive to the executor
or administrator." Under this statute an action can be maintained where the
death was instantaneous.
A declaration in case alleged that a railroad engine, by the negligence of the ser-
vants of the defendants in managing the same, was run upon the intestate,
*whereby he was killed.* Held, that this was a sufficient allegation of the injury.

ACTION on the case, brought by the plaintiff as administra-
tor of the estate of John Murphy, for an injury to the intestate,
causing his death. The material part of the declaration was
as follows :—

" In a plea of the case, whereupon the plaintiff, as adminis-
trator aforesaid, declares and says, that heretofore, to wit, on
the 11th day of May, 1860, the said John Murphy, then and
there in full life, being a child of the age of six years, was
playing along the railroad track, used and possessed by
said New York and New Haven Railroad Company, near the
Temple street bridge in said town of New Haven ; and that
the said defendants, on said last named day, were in posses-
sion of a certain locomotive engine, with a train of cars at-
tached, which then were under the care and direction of a
certain servant of the defendants, and that the said defend-
ants, then and there, by their said servant, so carelessly, neg-
ligently and unskillfully managed and directed said locomo-
tive with said cars as to run said locomotive upon and against
the said John Murphy, whereby the said John Murphy was
killed ; so that through the wrongful negligence, carelessness
and unskillfulness of the defendants, as hereinbefore set forth,
by their said servant, the plaintiff, administrator as aforesaid,
has been greatly injured ; all which is to the damage of the
plaintiff, &c."

The plaintiff having recovered judgment in the superior
court, the defendants filed a motion in error, and brought the
record before this court for revision, assigning as cause of
error the insufficiency of the declaration.

*Dutton* and *Watrous*, for the plaintiffs in error.

The declaration is in case for consequential damages. 2 Swift Dig., 519 ; 2 Chitty Pl., 708–9, and notes ; *Havens* v. *Hartford & N. Haven R. R. Co.*, 28 Conn., 69. The action is for injuries received by the deceased during his lifetime, and can only be maintained by virtue of the statute. Rev. Stat., tit. 1, § 83. The allegations of the declaration on this subject are only these : 1st. That the locomotive was run " upon and against " the deceased, and 2d. That thereby the deceased " *was killed.*" The mere killing is not a ground of action. *Conn. Mutual Life Ins. Co.* v. *N. York & N. Haven R. R. Co.*, 25 Conn., 265 ; *Carey* v. *Berkshire R. R. Co.*, 1 Cush., 475 ; *Kearney* v. *Boston & Worcester R. R. Co.*, 9 id., 108 ; *Hollenbeck, Adm'r* v. *Berkshire R. R. Co.*, id., 478. There remains therefore in the declaration, as a ground of action, or basis of damage, the solitary allegation that the locomotive was run " upon and against " the deceased. This allegation will not support the action against these defendants. 1st. Because case lies only for damage. It is not a technical but an equitable action. 1 Chitty Pl., 132 ; 1 Saund. Pl. & Ev., 335 ; 2 Greenl. Ev., § 226 ; 1 Swift Dig., 539 ; *Gardiner* v. *Crosedale*, 1 W. Bla., 200 ; *Bird* v. *Randall*, 3 Burr., 1353 ; *Moreton* v. *Hardern*, 4 Barn. & Cress., 223. 2d. Because the act described is a mere trespass in the servant, and would not support case even against the servant himself, and a *fortiori* will not against the railroad company. 1 Saund. Pl. & Ev., 335 ; *Pitts* v. *Gaince*, 1 Salk., 10, note *a* ; *Moreton* v. *Hardern*, supra ; *Gates* v. *Miles*, 3 Conn., 64. 3d. The doctrine that the trespass may be waived and case maintained for the actual damage, does not relieve the plaintiff in this case, but corroborates the position of the defendant, for it assumes that there will be something left after the waiver of the trespass, and here there is not. 2 Greenl. Ev., § 226 ; 1 Saund. Pl. & Ev., 335 ; 1 Chitty Pl., 128 ; *Scott* v. *Shepherd*, 2 W. Bla., 897 ; *Blin* v. *Campbell*, 14 Johns., 432 ; *M'Allister* v. *Hammond*, 6 Cowen, 342.

The declaration therefore, the words " was killed " being stricken out of it, is clearly demurrable ; nothing but a naked

trespass by the engineer remaining.  Trespass could not be maintained in this case on the facts as stated in the declaration. *Gates* v. *Miles*, 3 Conn., 64.

*Doolittle* and *Bronson*, for the defendant in error.

At common law *actio personalis moritur cum persona.*  This deficiency has been supplied by various statutes, and particularly by the 83d section of our statute with regard to civil actions, which provides that actions for injuries to the person shall survive to the executor or administrator, whether the same do or do not result in death.  Damages are to be assessed for " injuries to the person."  The administrator stands in the place of the deceased, and recovers damages for the same thing and by the same rules that he would have done himself.  The word " survive " implies this.  It is not necessary that the person injured should have been once physically capable of bringing the action himself.  The Massachusetts statute is thus construed, although limited in its application.  The New York statute has by its direct terms a different rule of damage.  *Kearney* v. *Boston & Worcester R. R. Co.*, 9 Cush., 109.  *Soule* v. *N. York & N. Haven R. R. Co.*, 24 Conn., 575.  *Oldfield* v. *N. York & Harlem R. R. Co.*, 4 N. York, 310.  *Gilligan* v. *same*, 1 E. D. Smith, 453.  *Blake* v. *Midland Railway Co.*, 10 Eng. L. & Eq., 437.  *Tucker* v. *Chaplin*, 2 Car. & Kir., 730.  A plea can not affect the damages unless the damage is essentially the cause of action.  So it was held in *Amory* v. *Brodrick*, 5 B. & Ald., 712, that it was no ground of demurrer to an entire breach in an action of covenant that certain consequential damages alleged were not recoverable.  *Leland* v. *Tousey*, 6 Hill, 328. The defendant can object to the admission of evidence to prove injuries not naturally resulting from the blow ; a demurrer only asks the court to decide whether there is a cause of action.  The plaintiff can prove without any allegation the natural results of being " run upon and against " by the locomotive.  The natural consequences of the act charged may always be proved without any allegation.  In case of wrong or violation of private right, damage will be presumed.

1 Hilliard on Torts, 84. " The law can not draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it, every man's person being sacred, and no other having a right to meddle with it in any the slightest manner." 3 Bla. Com., 120. In *Birchard v. Booth*, 4 Wis., 67, it is said that damages necessarily resulting from the blow need not be specially set out, recognizing the blow as the gist of the action. The usual allegations in assault and battery are unnecessary, with the exception of the statement of the blow.

ELLSWORTH, J. The single question raised on this motion in error is, whether there is a cause of action stated in the plaintiff's declaration. The defendants claim that there is not ; and in support of their position, urge that, as the action is case, consequential damages are necessary as the gist of the action, while there are none here alleged, inasmuch as the plaintiff's intestate was killed instantly by the blow, and therefore could have sustained no consequential injury.

But it is alleged in the declaration that the running of the engine - upon the intestate, and his consequent death, were caused by the negligence of the defendants' agents or servants, and although the form of action is case, as it must be of course if the defendants are liable at all, we think the injury is none the less direct and positive -than if trespass was the form of action. The intestate's right of personal security has been wrongfully invaded, and that is distinctly alleged as the cause of action. In both cases the law attaches an injury to such a wrongful act.

But aside from this inference of law, it is alleged in the declaration that the blow was so violent as to produce the death of the intestate. And is this no injury ? If to take one's liberty or one's property without justification is an injury, how much more is the taking of human life ? The elementary books, in speaking of absolute rights, classify them thus:— 1st. The right of personal security ; 2d. The right of personal liberty ; and 3d. The right to acquire and enjoy property. If these rights are valued in this order of preference, then every man

of common understanding would at once pronounce it absurd to hold that it is no injury to a person to take his life, while it is to strike him a light blow. Such a distinction is not worth talking about, and has no foundation or existence in the law, as it has none in common sense.

We admit that if death ensues either immediately or before suit brought or judgment recovered, at the common law the cause of action is gone, for the maxim is *actio personalis moritur cum persona;* but this ancient maxim is essentially modified in England by the statute of 4 Edw. III., and is more or less modified by statute in every state in our union. In this state we have not only modified it, but have even done it away entirely in a certain class of cases; and it may be said generally to be greatly restricted and modified every where. Our statute, if it be applicable to the case at all, must be our guide exclusively in the consideration of the question before us.

By section 82 of the statute with regard to civil actions, it is provided that actions for injuries to person, reputation or property, where commenced before the death of the party injured, shall not abate because of his death, but his representative may enter and prosecute as if death had not intervened. Section 83 provides, as we understand it, that death at any time, either before or after bringing suit, whether it is simultaneous with the injury or of later result, forms no objection to the institution or maintenance of the action. How much therefore of the common law maxim remains in this class of torts we need not positively decide, but it is very clear that it is greatly restricted and qualified if not entirely exploded. Essentially this view is taken by the court of appeals in New York. *Brown* v. *Buffalo & State Line R. R. Co.*, 22 N. York, 191.

But it is to be observed that so far as any objection in this case is founded on the instantaneous character of the death of the intestate, there is no allegation in the declaration for it to rest upon. It is there alleged, it is true, that the intestate died in consequence of the blow received from the engine, but how soon after the blow does not appear. It is this supposed

instantaneousness of the death which the defendants have relied upon in support of their claim, and with reference to which they have read to us several decisions in the state of Massachusetts, in which the judges have held that if the death is absolutely simultaneous with the blow, so that there is no appreciable time for the accruing of a right of action before death to the person injured, the common law maxim still prevails ; but a moment's attention to their statute will show that these decisions turned upon its peculiar phraseology, and throw no light whatever upon the case before us. The judges held that such is the language used there that death will still abate an action, unless the person injured lived long enough, after receiving the blow, to be entitled to an action in his own name. If he survives to that extent, though an action is not in fact commenced, his administrator may sue in his own name as administrator. In the last case cited, *Hollenbeck* v. *Berkshire R. R. Co.*, 9 Cush., 480, the court say that the intestate lived fifteen or twenty hours after he received his death wound, and though unconscious, an action could have been brought in his name, and that that right of action did not abate by his death. In a preceding case *Kearney* v. *Boston & Worcester R. R. Co.*, same book, p. 108, the court remark that the intestate did not survive the injury at all, but the blow and death were simultaneous, and the administrator could not sue. Their language is as follows :—" Here there was no time during the life of the intestate at which a cause of action could arise, because the life closed with the accident." These decisions obviously do not turn at all on the want of injury, or the want of such an allegation or proof, but upon the want of a perfect cause of action before death, which alone could bring the case within their statute. We think that construction rather nice and technical, and were our statute the same as theirs we are not prepared to say we should adopt it ; but our statute is quite different, and presents no such question for our decision. Its language is merely " whether the injury do or do not result in death." This certainly puts an end to the application of the common law maxim to this class of cases.

---

---

We discover no error in the judgment below, and it is affirmed.

In this opinion the other judges concurred.