OTTO B. ANDERSON *vs.* THE UNITED STATES RUBBER COM-
PANY.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A plaintiff who has alleged with reasonable clearness several acts of
negligence as apparent grounds of recovery, and proved one or
more of them, ought not to be deprived of a judgment merely be-
cause in a subsequent paragraph of his complaint he has referred
to but one of those negligent acts as causing his injury, and has
failed to prove that particular one. And this is especially true
upon a hearing in damages in which the defendant has contested
the truth of all the alleged acts of negligence.

Want of precision in alleging the cause of an injury for which a re-
covery is sought is waived by the defendant by suffering a default
and contesting the cause upon its merits, in a hearing in damages,
without questioning such defect.

Argued April 18th—decided June 9th, 1905.

ACTION to recover damages for personal injuries alleged to
have been caused by the defendant's negligence, brought to
and heard in damages by the Superior Court in New Haven
County, *George W. Wheeler, J.;* facts found and judgment
rendered for nominal damages only, from which the plain-
tiff appealed. *Error and case remanded for the assessment
of substantial damages.*

The complaint alleges in substance that the defendant
corporation, in its business of reclaiming rubber, used a
rolling machine consisting in part of two revolving metal
rollers set so as to receive sheets of rubber fed between
them by the operator; that there was danger in operating
this machine, from the fact that the hand of the operator
was liable to be caught in the folds of the rubber as it was
fed between the rollers and thereby drawn in between the
rollers and crushed, and that this danger was not apparent
to one not acquainted with, or instructed concerning the
operation of, the machine; that to make said machinery
reasonably safe it was necessary that there should be an

electrical device for stopping the engine and machinery in case an operator's hand should be so caught, and that the button by which it was operated should be within reach of the operator of the machine, and that the defendant negligently failed to provide such an one; that it was the duty of the defendant to inspect said machine, which he negligently failed to do, and that owing to the failure to properly superintend said machine and to provide a suitable apparatus for stopping the machine in case the operator's hand should get caught, said machine was in an unsafe condition; that the defendant knew that said device for stopping the machinery was defective, as aforesaid, and that said machinery was therefore unsafe for the operator, and that the hand of the operator was liable to get caught and drawn into the machinery, and that it was the defendant's duty to instruct the plaintiff as to the danger in operating said machine, and that it negligently failed to instruct the plaintiff as to said dangers.

Paragraph 20 of the complaint is as follows: "On the 11th day of February, 1903, the plaintiff was operating said machine in obedience to the aforesaid orders of the defendant, using due care, and without negligence on his part, when the fingers of the plaintiff's left hand were caught between the folds of rubber, and because of the absence of a proper device by which the plaintiff could stop said machine, his said hand was drawn between said rollers, and severely crushed and mangled."

In its notice as to the hearing in damages, the defendant alleged that it denied, and would offer evidence to disprove, all said allegations, excepting the allegations that it used such rolling machine in its business, that the device for stopping the machinery was beyond the reach of the operator, and that it was the duty of its superintendent to inspect the machine; and also gave notice that the defendant would offer evidence of contributory negligence.

Upon the hearing the trial court found that the plaintiff, while doing the work upon said machine called banking, had his fingers drawn in between the rolls of the machine

and so crushed that it became necessary to amputate them, thereby rendering his hand useless for life; that the safety device used by the defendant at the time of the accident for stopping the machinery was a proper one and in good working order, and that the machine upon which the plaintiff was injured was regularly inspected and was in good condition; that at all times when the operator of the machine was performing the work called banking there was danger of his fingers and hand being drawn in between the revolving rollers, which would only have been known by an experienced or properly instructed operator; that the defendant knew of said danger; that the instructions to the plaintiff were inadequate to warn him of it, and that the defendant had failed to prove that the plaintiff knew of said danger, or that the plaintiff was guilty of contributory negligence.

The court assessed only nominal damages to the plaintiff, upon the ground that the cause of action, as stated in paragraph 20, placed the injury upon the absence of a safety device, and not upon the failure of the defendant to give the plaintiff proper instructions.

*Talcott H. Russell* and *Harry W. Doolittle*, for the appellant (plaintiff).

*Harry G. Day* and *John W. Edgerton*, for the appellee (defendant).

HALL, J.   This is an action for an injury claimed to have been sustained by the plaintiff while operating a dangerous machine furnished by the defendant in disregard of its duty to exercise reasonable care to provide reasonably safe appliances for the work which the plaintiff was employed to perform. The complaint should, among other things, state wherein the defendant failed to perform such duty, by alleging, either by direct averment or by the facts alleged, or both, in what respect the machine furnished was not reasonably safe, in what particulars the defendant failed

to exercise reasonable care in directing the plaintiff to work upon it, and that the alleged unsafe character of the machine thus negligently furnished caused the alleged injury; and all with such clearness that the defendant may fairly understand the charges against it, so as to be able to intelligently admit them or contest them, as it may desire upon the trial.

As showing wherein the defendant failed to exercise reasonable care to furnish a reasonably safe machine for the plaintiff to work upon, the complaint alleges that the defendant provided one which was unsafe, because an inexperienced or uninstructed operator, while engaged in the work of banking the rubber, was liable to have his hand caught between the revolving rollers; that of this danger, which was not an obvious one, the plaintiff was not informed, nor instructed by the defendant, who knew of it, and that while working upon the machine, and exercising due care, the plaintiff's hand was caught and crushed between the rollers.

The allegations that an inexperienced operator was liable to have his hand caught between the rollers, that such liability was not an apparent one, and that the defendant did not inform the plaintiff of it, are descriptive of the dangerous character of the machine provided, as well as of the defendant's acts of negligence. *Ryan* v. *Chelsea Paper Mfg. Co.*, 69 Conn. 454, 459. Reading the whole complaint, it is apparent that the plaintiff did not intend to say that the only danger in operating this machine arose from the fact that the device for stopping the machinery was insufficient. Independently of the alleged danger arising from the absence of such proper device, it is alleged with sufficient clearness that the machine was unsafe for the plaintiff because there was a danger, of which he had not been informed, that his hand was liable to be caught and crushed between the steel rollers. A proper device for stopping the machinery was not for the purpose of preventing an operator's hand from being caught between the rollers, but to enable him, by stopping the machinery, to prevent a

more serious injury after such an accident. The absence of a proper device for stopping the machinery was but one of the alleged reasons upon which the plaintiff apparently relied as showing why it was dangerous to work upon said machine. In treating it as the only alleged reason, no effect is given to the allegation that by reason of the liability of having his hand caught and crushed between the rollers the machine upon which the plaintiff was working was unsafe for the use of an inexperienced and uninstructed person. The complaint may be regarded as framed both for the purpose of a recovery upon the ground that the machine —from the liability of one's hand being caught between the revolving rollers—was not reasonably safe to the plaintiff, because he was inexperienced and uninstructed, and, in case of failure to prove such inexperience or want of instruction, for a recovery upon the ground of defendant's failure to provide a proper device for stopping the machinery in case of accident.

So, too, the averment of paragraph 20—that because of the absence of a proper device by which the plaintiff could have stopped the machine his hand was drawn between the rollers, etc.,—instead of being regarded as the only allegation of the cause of the injury, may be treated as an allegation of another cause than that before described, namely, furnishing an inexperienced and uninstructed person with a machine in using which, with due care, he was liable to have his hand caught and crushed.

The allegations of the complaint showing how the accident happened, state the proximate cause of the injury, as found by the court, with sufficient certainty to support a judgment for substantial damages upon the facts of this case. If the facts alleged in the complaint, which have been proved to have been the cause of the injury, are not so directly and explicitly alleged in the complaint to have been the cause as to be sufficient against a demurrer, such defect did not mislead the defendant, as it contested all such allegations, and any such defect has been waived by the defendant by suffering a default and contesting these

allegations under its notice, without at any time making the objection, first advanced by the trial court in its memorandum of decision, that the complaint did not rest the injury upon the defendant's failure to give proper instructions to the plaintiff. *Lovejoy* v. *Isbell*, 73 Conn. 368, 374.

The judgment for nominal damages only was erroneous, and the case is remanded for the assessment of substantial damages upon the facts as found.

Error and case remanded.

In this opinion the other judges concurred.