JOSEPH J. DAVIS, ADMINISTRATOR, *vs.* PAUL MARGOLIS.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and SIMPSON, Js.

Argued October 26th, 1928—decided January 24th, 1929.

*Richardson Bronson,* for the appellant (defendant).

*Herman J. Weisman,* with whom, on the brief, was *Joseph J. Davis,* for the appellee (plaintiff).

HAINES, J. This case first came to this court upon the plaintiff's appeal from a judgment for the defendant and that judgment was reversed, the Superior Court being directed "to render judgment for the plaintiff, after hearing had upon the single issue of damages, for such damages as the plaintiff has established by legal proof." *Davis* v. *Margolis,* 107 Conn. 417, 425, 140 Atl. 823. Upon the second hearing the defendant objected to the evidence offered to show damages on the ground that the negligence causing the death of the plaintiff's decedent was that of the son and the father, who were heirs and would be statutory dis-

tributees of the decedent's estate. The court over-ruled this objection and admitted the evidence, and this appeal questions the correctness of that decision.

The ruling of the trial court rests upon two of our statutes, §6137 and §5064, which read as follows:

"Sec. 6137. ACTIONS FOR INJURIES RESULTING IN DEATH; DAMAGES. In all actions surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his wilful, malicious or felonious act, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding ten thousand dollars, *provided,* no action shall be brought under this section but within one year from the neglect complained of or from the commission of such wilful, malicious or felonious act, and *further provided,* the foregoing shall not affect causes of action arising before August 1, 1913. All damages recovered under this section shall be distributed as directed in section 5064."

"Sec. 5064. DAMAGES CAUSING DEATH, HOW DISTRIBUTED. All damages recovered under the provisions of section 6137, after payment of the costs and expenses of suit and all doctors' and funeral bills and the expenses of administration, shall be distributed in accordance with the law concerning the distribution of intestate personal estate."

The appellant seems to contend that §6137 creates a new and independent cause of action for the sole benefit of the heirs of the decedent, who take a vested interest under it, in their own right, and that it is of the same legal effect as the statute in New York. On the contrary, our statute is one of survival. It is conceded that an action could have been maintained by the plaintiff's decedent if death had not resulted. The

fact that death did result does not create an independent cause of action. There is but one liability in either case, and that is for all the proximate results of the tort, whatever they may be, and the statute passes this right which the decedent would have had during life, to her personal representative after the death, which was itself one of the results of the tort. *Murphy* v. *New York & N. H. R. Co.,* 30 Conn. 184, 189; *Goodsell* v. *Hartford & N. H. R. Co.,* 33 Conn. 51, 55, 56; *Kling* v. *Torello,* 87 Conn. 301, 305, 87 Atl. 987; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 530, 131 Atl. 501. The New York statute, on the contrary, gives a right of action after the death, only in cases where the decedent "has left him. or her surviving a husband, wife, or next of kin," against the tort-feasor who "would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." McKinney's Consolidated Laws of New York, Bk. 13, p. 58, §130, and following; Laws of New York, 1920, p. 2353, Chap. 919, Art. 5. Under this statute the administrator is in effect only a trustee or agent for those beneficially interested and for whose benefit alone the statute was passed.

In *Mezzi* v. *Taylor,* 99 Conn. 1, 7, 120 Atl. 871, the defendant claimed that the recovery for a death injury was purely statutory, and that in an action under this statute, only such damages as resulted from the death itself could be recovered. We held this to be a misinterpretation of the statute, calling attention to the decision in *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987, and adding, that "the right of action arising from any injury to a deceased person by reason of sufferings or disability during life is continued in his personal representative after death with an enlarged right of recovery for ensuing death, and also that instantaneous death may give rise to a right of action confined as to

recovery to the event of death." *Mezzi* v. *Taylor,* 99 Conn. 1, 7, 8, 120 Atl. 871. Clearly the decedent would have had a right of action for the negligence alleged, if she had suffered injury but had survived. Under this statute, the same right of action survives the death of the decedent with the right of compensation for the death itself, as a proximate result of the tort.

The defendant, however, contends that, even so, this plaintiff cannot recover because the proceeds of the recovery will go by the operation of our law of inheritance, to the husband and son whose negligence was the sole cause of the injury. It is earnestly urged that these tort-feasors should not be permitted to thus profit by their own wrong, thus attempting to invoke an equitable principle of wide and persuasive force. It is not surprising that a general law, framed to cover all cases arising under widely variant circumstances, should sometimes exhibit, in particular cases, a seeming lack of complete coincidence in its ethical and legal aspects. In such cases the remedy, if any, is generally to be had in legislative intervention. The obligation of the court is to apply the law as enacted. This right of action is a property right, created by statute. We know of no law which would authorize the deprivation of the right. Certainly innocent heirs are entitled to look to the representative of the decedent for their share of the amount recovered, and no exceptions to this right are contained in the present statutory provisions, by which negligent heirs can be barred. We are not at liberty to supply the exception, and are obliged to sustain the right of recovery by the administrator in the present action, because the statute law of this State requires it. "In those States . . . in which the damages arising from the wrongful death survive and become a part of the estate of the deceased, and are inherited from the estate by the

named beneficiaries as heirs, the contributory negligence of such heirs does not constitute a defense to an action brought by an administrator for the recovery of such damages, because the damages are part of the estate, and the estate is cast upon the heirs by operation of law. . . . An estate will vest in the heir and be cast upon him by operation of law, even though the heir wrongfully causes the death of the ancestor." *Wolf* v. *Lake Erie & W. Ry. Co.*, 55 Ohio St. 517, 533, 45 N. E. 708, 36 L. R. A. 812.

In *Wymore* v. *Mahaska County,* 78 Iowa, 396, 399, 43 N. W. 264, 6 L. R. A. 545, 548, the court says: "It may be that a recovery in this case will result in conferring an undeserved benefit upon the father, but that is a matter which we cannot investigate. . . . Plaintiff seeks to recover in the right of the child, and not for the parents. . . . If the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover the full amount of the damages which the estate of the child sustained." We think counsel are correct in saying that the precise question now raised has not, in its present form, been directly adjudicated in this State, but the views of this court have been indicated in an unmistakable manner in an earlier case. In an action brought by the administrator of the estate of a minor whose death was caused by negligence where it was claimed that the negligence of the parents concurred with that of the defendant in producing the injury, the defendant made the same claim now under discussion, and the trial court charged the jury: "If the parents of the deceased were negligent, the plaintiff cannot recover, inasmuch as it appears that the parents of the child would be benefited by a verdict rendered in favor of the plaintiff." This charge was held to be erroneous in an opinion by JUSTICE HAMERSLEY who said: "The

questions involved have been discussed by courts in other jurisdictions and the opinions expressed or implied are not in entire accord. The difference may be due largely to the different effect given to statutory regulations. . . . A right of action for negligence having accrued to the injured party, the cause of action survives, and after his death the action may be brought by his administrator, who sues in place of his intestate and is entitled to recover on the same grounds damages measured by the same rule as if the action had been brought by the injured party in his lifetime. . . . The claim is advanced, that the legal effect of these statutory regulations is to vest in the statutory distributees such an interest in the action brought by the administrator that their culpable negligence contributing to the infant's injury would operate as an estoppel to any recovery by the administrator. We do not see any ground for such a construction of the statute, and, if the claim advanced were correct, it would have no application to this case, for such an estoppel must be pleaded and proved by the defendant. The court plainly erred in instructing the jury that the plaintiff would be barred of her remedy by the fact, if it were so, that the negligence of the child's parents substantially contributed to produce the injury." *Wilmot* v. *McPadden,* 78 Conn. 276, 283-285, 61 Atl. 1069.

We concur in and reaffirm the views above expressed, and deem it unnecessary to discuss or attempt to differentiate the decisions in other jurisdictions under their own statutes.

There is no error.

In this opinion the other judges concurred.