THE STATE OF CONNECTICUT *vs.* ONE REO TRUCK.

*First Judicial District, Hartford, May Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 5th—decided June 1st, 1931.

*Transferred from Second Judicial District.

*Frederick R. Manning,* for the appellant (petitioner).

*Charles B. Whittlesey,* Prosecuting Attorney, for the appellee (the State) filed a brief but, at the direction of the court, did not argue the cause.

PER CURIAM. This case originated in an application of the prosecuting attorney of the Court of Common Pleas of New London County for an order, under the provisions of Chapter 211 of the Public Acts of 1929, now §§ 2719 to 2724 of the General Statutes, Revision of 1930, for the disposition of an automobile, alleged to have been used in the unlawful manufacture of intoxicating liquors. The appellant was an assignee of a conditional bill of sale of the truck, without knowledge of the illegal use to which it was put. In *Pickett, Pros. Atty.,* v. *Marcucci's Liquors,* 112 Conn. 169, 151 Atl. 526, we considered the statute under which this proceeding was brought and held it constitutional. In *Alcorn, State's Attorney,* v. *Alexandrovicz,* 112 Conn. 618, 153 Atl. 786, the statute was again before us and a copy of it will be found in the footnote to our opinion; we then held that it was no defense to the proceeding that legal title to an automobile seized under the statute was in a party other than the person convicted of a breach of the law concerning intoxicating liquors, under a conditional bill of sale, and that such party had no knowledge of its illegal use. These decisions go far to answer the contentions of the appellant.

It is true there is a certain lack of particularity in the application, but nothing so substantial as to justify a failure to order the disposition of the truck after the case had gone to trial without objection to the pleadings, had been fully heard and all the essential facts proven. *Johnson* v. *Shuford,* 91 Conn. 1, 5,

98 Atl. 333; *Anderson* v. *United States Rubber Co.,* 78 Conn. 48, 52, 60 Atl. 1057. The appellant is right in its contention that, as the proceeding originated in a Town Court, the Court of Common Pleas was without power to order the disposition of the truck unless there was a conviction of the person using it of a violation of the liquor law, from which no appeal was taken; but the trial court found this to be so and no motion to correct the finding was made; we cannot therefore go back of the finding to consider the sufficiency of the evidence upon which it was based. The finding shows that the information against the accused charged that he did "unlawfully manufacture, aid and abet in the manufacture of" intoxicating liquors. The manufacture of such liquors for sale or exchange was when the conviction was had and still is a crime under our law. Public Acts of 1921, Chap. 291, § 2; General Statutes, § 2725. The charge in the information that the accused "did unlawfully manufacture" intoxicating liquors was sufficient. Insert, Connecticut Practice Book, p. 302, ¶ 4. The inclusion of the words "aid and abet" in such manufacture did not constitute a duplicity which would be open to direct attack, much less to collateral attack as here. One who aids and abets in the commission of a crime may be "prosecuted and punished as if he were the principal offender"; General Statutes, § 6562; an accessory may be charged with having actually committed the offense as principal or he may be charged as an accessory as for a substantive offense, but "the latter course would be but to state fully the facts which constitute him, under the statute, a principal." *State* v. *Burns,* 82 Conn. 213, 219, 72 Atl. 1083. The effect of the information was to allege one offense, the words "aid and abet" merely serving to particularize the charge. There was no such defect in the information as to render nugatory

the conviction of the accused, within the purview of the statute under which the proceeding was brought.

There is no error.