[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTERCLAIM AND SPECIAL DEFENSE.
Suzette Franklin, as the administratrix of her infant daughter CT Page 2616 Sarah Jacques, instituted the present action against St. Luke's Community Services claiming monetary damages for injuries received by Sarah Jacques resulting in her death. Plaintiff alleges that the family resided at the St. Luke's Shelter which provides sleeping and living accommodations for homeless families. Plaintiff further alleges that two unsupervised children entered her room, while she was absent, and caused the death of her infant daughter. Plaintiff claims that the defendant had the duty to provide reasonably safe accommodations and failed to fulfill that duty.
The defendant has filed a Counterclaim asserting that Suzette Franklin was the legal mother of Sarah Jacques and that she failed to follow the shelter regulations regarding not leaving children unattended and that she failed to lock her room when she left. The Counterclaim then asserts that the wanton, willful and negligent conduct of Suzette Franklin caused the death of Sarah Jacques and claims that any verdict rendered against it should be reduced by the percentage fault attributable to Suzette Franklin. The defendant has also pleaded a Special Defense that the injuries to the plaintiff's decedent were caused in fact by the plaintiff administratrix over whom the defendant had no control.
The plaintiff has moved to strike the Counterclaim on the grounds that: (1) the plaintiff Suzette Franklin, administratrix, cannot be sued individually in a counterclaim; (2) the doctrine of parental immunity bars the imposition of liability upon Suzette Franklin; (3) the doctrine of parental immunity precludes contribution from Suzette Franklin; and, (4) the defendant's allegations of wanton or willful activity are legally insufficient. Plaintiff also moves to strike the Third Special Defense on the ground that it is legally insufficient in that the defendant has not alleged legal cause sufficient to make out a legally cognizable defense.
A wrongful death action survives death and is maintainable by the administratrix or the executrix of the deceased estate and not by his dependents. Keogh v. Bridgeport, 187 Conn. 53, 58 (1982); see General Statutes Sections 52-555 and 52-599. Accordingly, CT Page 2617 "(S)tanding to bring a wrongful death action is . . . conferred only upon an executor or an administrator." Isaac v. Mount Sinai Hospital, 210 Conn. 721, 725-726 (1989). Therefore, it is the plaintiff, as administratrix of the estate, who seeks to recover damages on behalf of Sarah Jacques and Suzette Franklin, in her individual capacity, is not a party to the litigation. Under Practice Book Section 168 a counterclaim may be filed "against the plaintiff's demand". Under our practice a counterclaim is an independent action and has been defined as "a cause of action existing in favor of a defendant against the plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and allows a recovery by the defendant." Home Oil Co. v. Todd, 195 Conn. 333, 341 (1985).
The defendant claims that Suzette Franklin, in her individual capacity, is indisputably the real party in interest in the litigation and therefore a counterclaim is appropriate under such circumstances. Under General Statutes Section 45-448 (b) (formerly Section 45-280 (b), damages recovered for injuries resulting in death are distributed as personal estate in accordance with the law concerning the distribution of intestate personal estate. While the right to bring a suit for wrongful death is in the administratrix, she does not act in her true capacity for the benefit of the estate, but rather, she acts as an agent or trustee for those beneficially interested in the estate and the proceeds do not become general assets of the estate. Harris v. Barone,147 Conn. 233, 234 (1960).
A cause of action for wrongful death is brought by the administratrix in the place of the survivor. "A right of action for negligence having accrued to the injured party, the cause of action survives, and after his death the action may be brought by his administrator. Who sues in the place on his intestate and is entitle to recover as if the action had been brought by the injured party in his lifetime. Davis v. Margolies, 108 Conn. 645, 651
(1929); Wilmot v. McPadden, 78 Conn. 276, 284 (1905). The action brought by the administratrix is separate and distinct from any action brought on behalf of an individual. The administratrix is the plaintiff and a counterclaim may not be filed against her in an individual capacity. Accordingly, the Motion to Strike the Counterclaim should be granted.
The plaintiff has also moved to strike the Third Special Defense which alleges that the injuries to the plaintiff's intestate were caused in fact by the plaintiff administratrix over whom the defendant had no control. It is apparent that the appointment of the administratrix could not have taken place until after the injuries were sustained by the plaintiff's intestate. Accordingly the conduct of the administratrix, as such could not be a proximate cause of the injuries to Sarah Jacques. See Doe v. CT Page 2618 Manheimer, 212 Conn. 748, 757 (1989). In addition, the conduct of Suzette Franklin while bearing upon the issue of negligence of the defendant, would not constitute a defense to an action brought on behalf of the child. Davis v. Margolies, supra at 651, Wilmot v. McPadden, supra at 284. Accordingly, the Motion to Strike the Third Special Defense should be granted.
Inasmuch as the disposition hereinbefore stated is dispositive of the issues, the Court does not reach the issue of parental immunity which should not be decided as part of the present proceeding.
Accordingly, the Motion to Strike the Counterclaim and the Third Special Defense is granted.
RUSH, JUDGE